## J. BRILL *v.* THE STATE.

1. PRACTICE — JURY.—After verdict of guilty the accused moved for a new trial on the ground that the list of jurors from whom were selected the jury in his case contained the names of only fourteen persons. *Held,* that this objection should have been taken *in limine;* it came too late after trial had and verdict rendered.

2. THEFT—VOLUNTARY RETURN OF PROPERTY STOLEN.—On trial for theft of a cow it was proved that the accused drove the animal some thirty miles from its range, and promised, when overtaken, to drive it back, and did drive it back the greater part of the way, and turned it loose. *Held,* that this was not a voluntary return of the property, within the meaning of the Code. Pasc. Dig., Art. 2397.

3. NEW TRIAL.—After verdict of conviction the accused moved for a new trial because one of the petit jurors had served on a previous trial; but accused filed no affidavit that he was ignorant of this fact when he accepted the juror, or that he had been prejudiced by it, and the juror swore that he had forgotten his prior service on the case, and was not influenced by it at the present trial. *Held,* that the previous service of the juror did not vitiate the verdict, there being no reason to question the impartiality of the juror; wherefore it was not error to overrule the motion.

4. CHALLENGE OF JUROR.—The opinion is intimated that the 26th section of the jury law of 1876 repeals Article 576 of the Code of Criminal Procedure (Pasc. Dig., Art. 3041), specifying sundry causes of challenge to jurors.

APPEAL from the District Court of Gonzales. Tried below before the Hon. EVERETT LEWIS.

The material facts are disclosed in the opinion of the court.

*Waul & Walker,* for the appellant. The defendant claims that he was deprived of a fair trial by an impartial jury,

as he was entitled by the Constitution, because Samuel Cox,. who served on the jury at the January term, 1876, also. served on the jury which convicted him.

The court, in overruling the motion for new trial, gives as a reason that the jury law of August 1, 1876, does not set out in terms that it is a ground of challenge that a per-. son served on a jury in a former trial. Neither does that act specify that lunacy or idiocy of a juror shall be cause of· challenge. Nor does it specify that a person jointly charged with defendant shall not be a juror, nor many disabilities to. which a juror might be subject, and which would without. hesitation cause the court to reject the juror. The courts of this state have decided that a previous expression of par-. tiality by a juror vitiates a verdict of guilty, and that in such case the defendant is entitled to a new trial (*Hawks*· v. *The State*, 21 Texas, 529), thus following the common law principle that jurors should be without prejudice. "That they should stand indifferent is essential to the just, efficient, and impartial administration of the law." 2 Gra. & Wat. on New Trials, 464; *State* v. *Hopkins*, 1 Bay, 372. "And if· the impartiality of the juror be a matter of doubt, the party objecting to him should have the benefit of the doubt."· 2 Gra. & Wat. on New Trials, 463.

A juror having served upon a former trial is incompetent,. and such is cause of challenge. If it is not known until after verdict, it is ground for new trial. 2 Gra. & Wat. on. New Trials, 471; *Herndon* v. *Bradshaw*, 4 Bibb. 45.

*George McCormick*, Assistant Attorney General, for the· State. The court will see, from an inspection of the jury law enacted by the fifteenth legislature (General Laws, 83), that the qualifications of jurors are declared in the 1st sec-. tion, and that the causes for challenge are given in full in section 26; and that it nowhere appears that the fact of a. juror having been engaged in a previous trial of the same· case is even a cause for challenge.

It is true that, under Article 3041, Paschal's Digest, sub-division 4, such would have been good cause for challenge.

But the reason of the law had failed, our courts having repeatedly held that, where it did not appear that the defendant was in any way prejudiced, it was no error. *Bowman* v. *The State*, 41 Texas, 417.

For this reason it is submitted that, in framing the new law, our legislators concluded to leave the whole matter pending upon the fact "whether, from hearsay, or otherwise, there is established in the mind of the juror such a conclusion as to guilt or innocence of the defendant as will influence him in his action in finding a verdict."

Admit that the court erred in not granting a new trial for the reason given, then should not a bill of exceptions have been taken, setting forth all that occurred? *Shaw* v. *The State*, 27 Texas, 755.

Article 3137, Paschal's Digest, expressly declares the causes for which new trials shall be granted, and as expressly declares that a new trial shall not be granted for any other.

One of the causes given by the statute is where, from the misconduct of the jury, the court is of opinion that the defendant has not received a fair and impartial trial.

It appears, then, that there must not only be some misconduct of the jury, but the court who heard the cause must also be of opinion that the defendant has not received a fair and impartial trial.

Winkler, J.   We have carefully examined the record, aided by the lights afforded by the written arguments both for and against the accused, without discovering any error committed on the trial in the court below which would warrant us in reversing the judgment of conviction rendered therein.

Several propositions have been discussed, which, as abstract questions, are not without interest, but which are wholly inapplicable to the case before us as made by the

record. For instance, it is complained in the motion for new trial that the list of jurors from which the jury was selected for the trial of the accused contained the names of but fourteen persons; but there is not in the record any challenge to the array, or any other objection to the jury list; nor is there any showing, by bill of exceptions or otherwise, by which it is made to appear that the attention of the court was called to the fact, or any ruling had, or, in fact, to show that such state of things really existed as that set out in the motion for new trial, until after the trial had been had, and even then only in the unsupported allegation in the motion for new trial. The objection, if it in fact was true, came too late—after the jury had been formed without objection, and the verdict had been rendered.

Again, it is complained in argument that the court should have instructed the jury as to the law applicable in case of a voluntary return of stolen property before prosecution for the theft. But no such charge was asked on the trial, nor was there any exception to the charge as given taken at the proper time, by a proper bill of exception, or otherwise, so far as the record discloses. If, however, such a charge had been asked and refused, and a bill of exceptions had been taken to the ruling of the court, the judgment would not be reversed on that account, for the reason that such a charge would have been inapplicable to the case as made by the evidence.

There is no evidence of a voluntary return of the property. On the contrary, the evidence shows that the cow alleged to have stolen had been driven thirty or thirty-five miles from its accustomed range, and the home of the owner, and into an adjoining county, when the accused and others were pursued by the owner, when the accused was required to drive the animal back, with others belonging to the same person and found in the same herd. He said he would be d——d if he did; but, after a consultation, the party having

the cattle in charge, of which the accused was one, did promise to take the cattle back at their own expense, but, instead of complying with this promise, drove them about ten miles towards home, and then turned them loose. And this, it is insisted, was a voluntary return of the property. We think otherwise.

Again, we are referred to numerous authorities in support of the proposition that, if the accused took the property under a mistaken, though honest, claim of right to it, he could not be punished criminally for the taking. All very good law when applicable. But we do not find that the accused set up any claim to be the owner of this cow, or that he was the owner of any cow, but simply that he was authorized to drive a hundred head with the drove which it seems was at that time being gathered. The evidence does not show where these hundred head were to come from. And there is the further fact, as stated in the statement of facts by the witness for the accused, who swore that the witness, the accused, and two other persons, according to the witness' understanding, were employed by William Martin to gather cattle in various brands, one of which was a brand thus, A S, sharp-topped A with a bar through it, and with ear-marks different from that on the animal described in the indictment, which brand belonged to a man in Guadalupe county. The brand on the animal alleged to have been stolen is thus described, viz., a round-topped A, without any bar through the A. Rather a slim pretext for an honest, though mistaken, claim of right.

There is but one proposition deserving serious consideration presented in this case, namely, that set out in the motion for new trial and assigned as error—in effect, that one of the jurors who sat on the trial had, before this trial, sat as a juror when a mistrial was had in this cause, and that on this account the accused was not tried by an impartial jury.

This objection, stripped of its verbiage, amounts to

simply this : that one of the jurors who tried the case had, before that time, sat on a jury impaneled for the trial of this cause, in which a mistrial was had.    The question is : Did the accused have a fair and impartial trial?    If so, the verdict should stand ; if otherwise, it should be set aside.    The affidavit of the juror shows clearly that the mistrial had made no impression on the mind of the juror ; that he did not, in fact, remember anything concerning it, or that he had sat upon the jury, until he was reminded of it by another, after the last trial had closed and the verdict had been rendered.    This ground for a new trial would have been strengthened had it been supported by the affidavit of the accused that he was ignorant of the fact that the juror had sat on a former trial, or that he had been prejudiced by the fact.    On these subjects the accused is silent.    So that we can look only to the affidavit of the juror in order to ascertain whether he was impartial or not ; and from this it appears that, so far as this juror was concerned, the verdict rested solely upon the evidence offered on the last trial.

If the fact had been known, at the time of impaneling the jury, that one of the jurors had sat on a mistrial of the case at a previous term, the court would in all probability have stood the juror aside ; or, if objected to, and the objection overruled, the accused could have challenged him peremptorily, or have saved the point by bill of exceptions, and thus have availed himself of it on appeal.    But when no notice is taken of the subject until after the trial was had, and it comes up for the first time by motion for new trial, the question then seems to be : Was the accused prejudiced by this proceeding?

In 2 Gra. & Wat. on New Trials, 465, we find this language : " It should be stated that, notwithstanding the disqualification of jurors, if the verdict is without doubt correct, so that no injustice has been done, a new trial will not be granted."    The author continues : " In Jones's case

talesmen were called as jurors in a capital case, at the instance of the prisoner, and were selected by him and sworn in. He moved for a new trial on the ground of objections to these jurors discovered after the trial. The court held that it ought not to set aside a verdict of guilty, just in itself, though the objections might, perhaps, have been good ground of challenge if known and disclosed before the jurors were selected and sworn." See, also, *Johnson* v. *The State*, 27 Texas, 764.

In *O'Mealy* v. *The State*, decided by this court at the Austin term, 1876, the court refused to set aside a verdict where one of the jurors was disqualified, not being a citizen of the state, because it was not made to appear that any prejudice or injury was done the accused, or that the omission to challenge did not result from a want of diligence. And see *Roseborough* v. *The State*, 43 Texas, 574.

We add further, though not necessary to a discussion of this case, that it is not improbable, it will be found on full examination, that Article 576 of the Code of Criminal Procedure (Pasc. Dig., Art. 3041), the 4th subdivision of which makes the fact that a juror has served on the petit jury at a former trial of the same case cause of challenge, has been repealed by the 26th section of the jury act of the fifteenth legislature, p. 83.

We see no error in the judgment which would authorize a reversal. It is, therefore, affirmed.

*Affirmed.*